HEATHER E. WILLIAMS, Bar #122664
Federal Defender
CHRISTINA CORCORAN, NY Bar # 5118427
Assistant Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: 559.487.5561/Fax: 559.487.5950

Attorney for Defendant
NICHOLAS SATTER

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case Nos: 5:20-po-00352-JLT; 5:21-po-00023-JLT; 5:21-po-00025-JLT; 5:21-po-00133-JLT; 5:21-po-00134-JLT; 5:21-po-00135-JLT |
|---|---|
| *Plaintiff,* | |
| vs. | **MEMORANDUM OF PLEA AGREEMENT; AND [PROPOSED] ORDER** |
| NICHOLAS SATTER, | |
| *Defendant.* | |

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the United States of America, by and through Phillip A. Talbert, Acting United States Attorney for the Eastern District of California, and Special Assistant United States Attorney Philip N. Tankovich, has agreed with the defendant, Nicholas Satter, and his attorney, Assistant Federal Defender Christina Corcoran, as follows:

Defendant, Nicholas Satter, will plead guilty to a violation of 36 CFR § 261.52(e) as set forth in Violation Notice FBBP007R in Case No. 5:21-po-00133-JLT. The parties agree and ask that Mr. Satter be sentenced to: 12 months of unsupervised probation, and pay an $80.00 fine. With this agreement, the government agrees to dismiss the remaining charges across all above-listed cases. This Plea Agreement is limited to the United States Attorney's Office for the Eastern

District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

1. Charges

Nicholas Satter has been charged by Violation Notice with four counts of violating 36 CFR § 261.54(d) (Operating a vehicle in violation of . . . limitations specified by the order); three counts of violating 36 CFR § 261.11(b) (Possessing or leaving refuse, debris, or litter in an exposed or unsanitary condition); one count of violating 36 CFR § 261.12(d) (Blocking, restricting, or otherwise interfering with the use of a road, trail, or gate); one count of violating 36 CFR § 261.52(e) (Going into or being upon an area); one count of violating 36 CFR § 261.11(d) (Failing to dispose of all garbage); one count of violating 36 CFR § 261.10(b) ([O]ccupying or using a residence on national Forest System lands . . . .); and one count of violating 36 CFR § 261.16(m) (Illegal parking).

2. Agreements by the Defendant

(a) The defendant agrees that this Plea Agreement shall be filed with the Court and become a part of the record of the case.

(b) The defendant agrees to enter a plea of guilty to Violation Number FBBP007R in Case No. 5:21-po-00133-JLT, a violation of 36 CFR § 261.52(e).

(c) The defendant agrees to: 1) submit to 12 months of unsupervised probation; and 2) pay an $80 fine. Fine to be paid in full by February 28, 2022. While on probation, Mr. Satter is expected to obey all federal, state, and local laws. An offense that can be charged only as an infraction will not be considered a "violation of the law" within the meaning of this agreement.

(d) The defendant knowingly and voluntarily waives his Constitutional, statutory and legal rights to appeal his plea, conviction, or sentence. This waiver of appeal includes, but is not limited to, an express waiver of the defendant's right to appeal his plea, conviction, or sentence on any ground, including any special appeal right conferred by 18 U.S.C. § 3742 or otherwise. The defendant further agrees not to contest his plea, conviction, or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. §§ 2255, except for nonwaivable claims.

(e) The Defendant acknowledges that his plea of guilty is voluntary and that no force, threats, promises, or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this Plea Agreement, to induce the Defendant to plead guilty.

(f) The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

(g) Should the defendant not be a citizen of the United States, the defendant hereby acknowledges that adverse immigration consequences, including but not limited to removal from the United States, exclusion from admission into the United States, and/or denial of naturalization in the United States, may result from his plea.

3. Agreements by the Government

(a) The government agrees to recommend the sentence set forth above.

(b) The government agrees to dismiss the remaining charges in the referenced cases and Violation Notices.

(c) The government agrees to waive any mandatory appearance requirement for the Defendant upon execution of this agreement.

4. Nature, Elements and Possible Defenses

The defendant has read the charges against him contained in the citations, and those charges have been fully explained to him by his attorney. Further, the defendant fully understands the nature and elements of the crime in the citation to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

5. Factual Basis

The defendant concedes that he will plead, and is pleading, guilty to Violation Number FBBP007R in Case No. 5:21-po-00133-JLT, a violation of 36 CFR § 261.52(e), because he is, in fact, guilty of that offense. The defendant also agrees that the following are the true and correct facts of this case:

> On or about September 29, 2020, while in the Sequoia National Forest, on land administered by the United States National Forest Service, Nicholas Satter was in an area of the Sequoia National Forest that had been closed by order. This occurred in violation of Title 36 of the Code of Federal Regulations, Section 261.52(e).

6. <u>Waiver of Rights</u>

The defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If the defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial by a judge sitting without a jury.

(b) The judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(c) At a trial, the government would be required to present its witnesses and other evidence against the defendant and prove each element of the charge against the defendant beyond a reasonable doubt. The defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. At trial, the defendant would also have the right to assistance of legal counsel. If he could not afford legal counsel, one would be appointed for him by the Court at no expense to him.

(d) At trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

(e) The defendant understands that y pleading guilty he is waiving all of the rights set forth above, and acknowledges that his attorney has explained to him those rights and the consequences of his waiver of those rights.

7. <u>Entire Agreement</u>

This written agreement sets forth all of the terms of the agreement and is enforceable only as to the terms set forth herein.

Satter, Nicholas
Memorandum of Plea Agreement
-4-

PHILLIP A. TALBERT
Acting United States Attorney

Dated: July 6, 2021     /s/ Jeffrey A. Spivak
JEFFREY A. SPIVAK
Assistant United States Attorney
Attorney for Plaintiff


Dated:  July 1, 2021     /s/ Nicholas Satter
NICHOLAS SATTER
Defendant


Dated:  July 1, 2021     /s/ Christina M. Corcoran
CHRISTINA M. CORCORAN
Assistant Federal Defender
Attorney for Defendant
NICHOLAS SATTER

# [PROPOSED] O R D E R

The Court accepts the plea agreement, finds a sufficient factual basis for the plea, and finds Defendant, Nicholas Satter, guilty of violating 36 Code of Federal Regulations § 261.52(e) as alleged in the Violation Notice. The Court sentences Mr. Satter to 12 months of unsupervised probation, and to pay a fine of $80.00. All previously scheduled hearings are vacated, and no further appearances are required. The fine SHALL be paid by February 28, 2022.

IT IS SO ORDERED.

Dated: **July 6, 2021**   **/s/ Jennifer L. Thurston**
CHIEF UNITED STATES MAGISTRATE JUDGE